May it please the court, Alicia Granzi on behalf of Petitioners Bannister and Fascio, I'd like to reserve five minutes of time for rebuttal. You'll just have to watch your own time because it will elapse if you don't sit down, but you may do so if you wish. Thank you, Your Honor. It is undisputed that Minnesota's catch-all fifth-degree controlled substance statute criminalizes more than does the federal definition under the INA. The tools laid out in Mathis, state court decisions, the statute on its face, and the peak at the record of conviction demonstrate that petitioners win for several reasons. First, the substances controlled are operative facts with no legal consequence under State v. King, and information following to wit in a charging document is non-essential under State v. Heck. Second, the fifth-degree statute incorporates a disjunctive or that lists factual variations rather than elements and uses an umbrella term in contrast to other Minnesota statutes that do specify the identity of a substance possessed. Third, statements of law and multiple plea colloquies and the fact that the substance appears only after to wit in the records of both convictions show the substance is not an element. The statute, thus, does not list elements in the alternative and thereby define multiple crimes. Rather, it is a simple statute that lists but one crime, possession of a controlled substance as listed at Schedules 1 through 4. The BIA erred in reinterpreting cases the government concedes do not definitively answer the elements means question and in misinterpreting pattern jury instructions. Lastly, even if the statute were divisible, petitioners are not removable under the modified categorical approach because the Minnesota definition of methamphetamine is overbroad and indivisible. Given these persuasive authorities, Taylor's demand for certainty was not met. To uphold the BIA's decision that this is one of the narrow range of cases involving a divisible statute is to invite the following consequences. It would create a separation of powers problem in that every time the pharmacy board controls a new substance, it would be defining a new crime. Second, it would undermine Minnesota's authority to define its own crimes in allowing the BIA to ignore clearly stated law as understood by district court judges all over Minnesota and relied upon by prosecutors and defendants alike. Third, an unknown number of guilty pleas would be called into question as insufficient admissions of guilt, including the very convictions that underlie both Bannister and Fascio's removals. I'll address each of Mathis's tools in turn, beginning with state court decisions. The most relevant authority on the elements means question here is the Minnesota Supreme Court case, State v. King, which held that the pharmacy board had not delegated its legislative discretion in controlling substances because, quote, the power to ascertain facts, which automatically brings a law into operation by virtue of its own terms, is not the power to pass, modify, or annul a law. Because the board is the one that decides what's on that list? Is that what you're saying? Yes, that is correct. And that never goes through the state legislature? They do have the ability to approve those changes, but once the substance is listed by the board, it is, in fact, a controlled substance. And as evidenced in State v. King, people can be charged and convicted with possessing that substance. As such, the pharmacy board, if this is an element of each crime, would be defining a new separate crime. But by adding it, it's also adding a new way that you can commit a crime. So is King really dispositive here? Well, I'm saying that if this court finds that the substance is an element, the precise identity is an element, then it would be defining a new crime rather than a means of committing that crime, which is our argument. Does the board have any procedural posture on this when they're doing this? Do they call in experts and so forth to guide them in what they're doing? Yes, the board is comprised of pharmaceutical experts, chemists who are finding the facts or which substances meet the criteria as laid out by the legislature. Who establishes the criteria? The legislature established a criteria. That's in the statute at 152.01. It's in the definition section. So each schedule has its own set of criteria, as was established by the legislature. And then the pharmacy board has to determine which facts, which substances meet those definitions. So they're finding the facts that make the statute operative. I'm not sure whether you really answered the question about King. I think the concern you're raising is a separation of powers problem. You're saying the board doesn't have legislative power, if I understand it, and the legislature has to define what is a crime. But even under your theory, if the board adds a new drug to the list, there is now something that is a crime that wasn't a crime before. So the board, either way, can expand the scope of the criminal statute. So why doesn't that, why doesn't your argument overstate the, why doesn't your argument fail? Because either way, the board is given authority to expand the scope of the criminal statute. They're not allowed to expand the scope of the statute itself. The element is controlled substance. They can add to what would be different methods of commission of that crime. Right, so they can make something criminal that was not criminal the day before without any legislative action, isn't that right? They can find a fact that would allow someone to be prosecuted for something that was a crime the day before, but it's just a different way that they could commit that crime. Which means that it would be a means rather than an element. Because an element is a constituent part. It's the very essence of a statute. Which would be, again here, the element controlled substance, as listed at schedules one to four. So a controlled substance is the crime itself, possession of any one of those. And the pharmacy board can define multiple different means of commission of that crime. Similar to in Hedberd, this court discussed- What is it about Minnesota law that says the board can do one and not the other if either one is expanding the reach of the statute? Well, Minnesota law states that only the legislature can create a complete crime. And so again, a complete crime would have the constituent elements, the constituent parts of that statute. But the pharmacy board can expand, again, the means. It's not the definition of the crime. It's a way that a person can commit the crime. Which the pharmacy board is allowed to do, because it is not defining a new crime. And if, again, if this court accepts the government's argument that a substance is an element, then the pharmacy board would thus be defining a new crime, a new constituent part of a crime. State VHEC shows us that any information following the videlicet to wit is wholly unnecessary and unessential. Because the office of that videlicet is to mark that the party does not undertake to prove the precise circumstances alleged. Such non-essential information can only be considered means, as they are circumstances or events having no legal consequence. This is borne out in all of the complaints in the record of conviction. And that the substance is only ever coming after the videlicet to wit. Further, Fasio's complaint lists a second charge using, again, the videlicet to wit. And that is the possession of paraphernalia in the presence of a child. To wit, M-A-F-G, the specific child's initials. The initials of a child are hardly going to be considered an element of the offense, rather a means of commission of this particular offense. The government relies on cases less probative, involving sufficiency of evidence or government's standards of identification of a substance. And double jeopardy cases, which discuss whether or not someone has been punished twice for the same act. Other circuits, and the IJ in this very case, have discussed some of the dangers of relying on sufficiency of evidence notice and double jeopardy cases. Because the values of fair notice, and I quote, an avoidance of double jeopardy often demand that the government specify accusations in ways unrelated to a crime's elements. The cases relied on the government, the government relies on, excuse me, are doing just that. They're about the sufficiency of the evidence necessary to establish that a dried leafy substance was marijuana rather than oregano. These cases dealt not with elements or means, but with how the state needed to prove that the substance was in fact controlled. Was scientific testing enough? Is circumstantial evidence enough? The court in Vail held that there has to be some proof beyond the defendant's belief that the substance is marijuana rather than oregano. Otherwise, there would be no crime. You know, in the Missouri case, we thought the double jeopardy cases were significant. So regardless of what these other courts might think about it, we've already found them salient. And double jeopardy law in Minnesota is different from that in Missouri. In Minnesota, courts focus on what's called the single behavioral incident test, which again is focused on more circumstantial factors. So the time, the place, and the intent, rather than an elements-based test. So here, in the double jeopardy cases that have been discussed, particularly Papadakis, the court there held that possession of several different substances were separate acts rather than separate crimes, and they all fell into a single behavioral incident. So possession of each substance was a separate act rather than a separate crime. And that is in contrast to the cases that this court relied on in Martinez v. Sessions, in Salmon's, which... I thought Papadakis said that the person could be convicted of several offenses. Yes. In Minnesota, you can be convicted of several different counts of the same offense under this single behavioral incident. You cannot be punished cumulatively for those convictions. You can only be punished for the top count. So in this particular case, there was also the second-degree possession charge. So the person could only be sentenced on that. And then, in addition, could be convicted for those other seven violations of the same statute. Do they get concurrent sentences on the other ones, or is it just one sentence that subsumes them all? It's, I believe, one sentence that subsumes them all for the seven counts of the same, the fifth-degree possession. The single behavioral incident, you can also see an example in how Minnesota treats burglary. So, for example, if a defendant... You can finish that in a second, but if you're convicted on a single behavioral incident in Papadakis, there were multiple convictions, right? Yes. And so, are you saying those are not different crimes? Each conviction is not a different crime? No, they're different acts, so they're separate acts. I'm asking... Go ahead. I know they're different acts, but I'm trying to figure out whether they're different crimes. So the definition of the crime is the same. The conviction is always for possession, fifth-degree possession. They're not listed out as possession of hashish, possession of steroid one, possession of steroid two. They're listed out as possession, fifth-degree possession of a controlled substance. So the crime is the same. The definition of the crime is the same. The act is different. The way that they've violated the statute is different. Well, suppose Papadakis had possessed seven packages of cocaine. Could he have been convicted of seven violations of the statute? Typically, what the prosecution is going to do... This would be a prosecutorial... I'm asking, as a legal matter, could he have been convicted of seven different violations? It would depend on the circumstances. I think of how he possessed it or where possessed. Let's say it was exactly the same as Papadakis. It's just that the drugs were all the same. Potentially, he could be convicted of several different packets, but I don't know that there's a specific case that holds that. Because the government suggests this means that the drug is the element because otherwise he wouldn't be able to be convicted of seven. So it's important whether he could be convicted of seven counts of possessing cocaine on the analogous facts. You don't know the answer? You don't know whether that would be possible? It could be possible, but I think... My burglary example may be illustrative here. That was important to me, but if you want to switch to burglary... And just in terms of... If a person enters an apartment building and goes into seven different apartments within that building, they can be charged with seven different counts of burglary, but that's not going to elevate the particular unit number to an element of a crime. So again, they can be charged and convicted of seven counts of burglary within that apartment building, and it's the same definition, burglary, the same crime, burglary, just being violated in different ways. The same way that possession of any particular substance on the schedules from one to four would be separate acts, but wouldn't be defining new crimes or be separate crimes. So you're saying that your burglary example would be just one sentence? Yes. Because they're all, again, occurring within this single behavioral incident, time, place, and objective. But it would be seven convictions? Yes, again, just like the seven convictions for the different substances. What does it mean to have a conviction? Does that mean there were seven different crimes committed? Yes, but not seven different distinctly defined crimes. So seven different acts that were punishable under the same statute, the same crime. One punishment for the seven acts, is that what you're saying? Yes. Yes, Your Honor. And if you have no further questions, I'd like to reserve the rest of my time for rebuttal. Thank you. Very well, you may. Ms. Gordon, we'll hear from you. Thank you. May it please the Court, I'm Virginia Gordon for the respondent. Your Honors, when applying the divisibility analysis as set forth in DeCamp and Mathis, and as this Court followed in Martinez and explained the process, you would see that the identity of the controlled substance is an element of the offense. Because state court decisions, going back for 40 years, have required the prosecution to prove the identity of the controlled substance to sustain a conviction. But you've conceded that there's no Minnesota case directly on point, correct? Yes, Your Honor. There is no case that says, under this divisibility analysis, elements are means. But the case law shows that a prosecutor cannot sustain a conviction if he or she does not show the identity of the element. So if they can't prove that the element is cocaine, they can't prosecute an individual for a controlled substance offense because they have to prove that it's cocaine. Isn't there a difference between proving it's cocaine and not baking powder or baking soda, and that it's cocaine, not heroin? There is a difference, and so they would have to charge with cocaine or heroin. And even in the Fifth Degree Possession Statute, there's actually a carve-out for heroin, and there's an exception for marijuana. If those carve-outs weren't there providing different punishments, it wouldn't matter what the identity of the controlled substance was. But the court has to be able to say, well, this is cocaine, not heroin, to be able to apply the appropriate punishment because of that carve-out for heroin and that exception for marijuana. So it is important. Could you read the statute as having the carve-outs, as having you had to identify which precise controlled substance it was, but if it wasn't carved out, that it was not an element? I think for sure the carve-out, it helps, but it wouldn't necessarily mean it's not an element because it's not carved out. Courts have said that different punishments are certainly a strong indicator that it is an element, but not the only indicator. And we have to look where the statute doesn't clearly lay out as here that it's an element versus mean. We're looking at a controlled substance statute that's very similar to the majority of controlled substance statutes where the punishment is described in one section and the list of controlled substances is in another section. And courts often look at that and say, well, we're not looking for, don't particularly look for where is the word or in that statute. We just look at the structure of these statutes, which are fairly common that a controlled substance is listed elsewhere. So then the court would look to case law, and the case law here goes back 40 years showing that the prosecution must prove the identity of the element, and without doing so, they can't sustain a conviction, and a jury must. What's your best Minnesota case for the proposition that you have to prove, that the prosecutor has to prove that it's cocaine, not baking powder, or marijuana, not oregano, as opposed to, yeah, go ahead. Yes, Your Honor. The best is the state v. Lubavitch, and this is a Minnesota Court of Appeals decision, and I think it's important to note that in Minnesota, they have a rule that Court of Appeals decisions are only published if they're making new law. So unpublished decisions are restating law that's been in existence, and that is the case here. And Lubavitch required jury unanimity over the identity of the controlled substance possessed. There were two substances found on defendants potentially in his possession. One was psilocybin mushrooms, and one was methamphetamine, and the prosecution was able to show that those were the substances there. But to convict for fifth-degree possession, the jury had to unanimously agree on which substance the defendant possessed, and because they weren't instructed to do that, they couldn't sustain the conviction because some jurors could have thought it was mushrooms, and some jurors could have thought it was methamphetamine. In that case, though, it seemed to me there were very separate possessions, and so they were talking about the act of possessing a certain item. So if I'm remembering, there was something that was in the car, there was something in the ditch, and maybe the drugs that were in the car were mushrooms and the ditch was methamphetamine, and so you weren't as equally focused on the drugs as on the act of possessing. And is that a distinction that doesn't necessarily move the ball forward for you as much as? Well, respectfully, Your Honor, we don't think so, because the elements when laid out are the identity of the substance and then whether the individual knew he or she possessed a controlled substance. And so first the jury has to say, here's the controlled substance. Is it mushrooms or is it methamphetamine? And they have to agree on that one. And then they have to come to the agreement on did he possess it. So if they agree he possessed it, they have to agree he possessed mushrooms or they have to agree he possessed methamphetamine. So we don't see a distinction there because the first, when reading all the cases together and prosecutors have to prove the identity, when then looking at the jury instructions, which are informative, the first element says the controlled substance, the defendant possessed a controlled A, and they have a blank for a controlled substance. And there would be no reason to fill in the blank if you didn't need to know the controlled substance. You would just have the sentence say, a defendant knowingly possessed a controlled substance under Schedules I, II, III, or IV, and that would be the end of it. We wouldn't need to put in the identity if it wasn't an element when read with the cases requiring that they prove that. And then the second element is the knowledge. And cases show that the prosecutor doesn't have to prove that the defendant knew that she possessed the particular substance that they proved existed, just that it was a controlled substance. And that gets to the discussion in Vail where it says it doesn't matter what the defendant's belief is. It matters the identity of the substance is important. So the prosecutor has to show that this substance is cocaine or this substance is heroin. And then what they have to prove for the defendant is that that defendant knew that they possessed a controlled substance. So they are two separate, two different elements, and the jury instructions actually show that when reading them closely. So your view is that the defendant only has to know it's a controlled substance? Right, and that's how the case law has shown up. The prosecution can't bring the case without proving the identity of the controlled substance, and the defendant has to know that he or she possessed a controlled substance. So it's, I probably rewrote, the prosecution has to prove the identity of the controlled substance. So the prosecution has to prove, provide evidence that shows the substance is cocaine. As far as the defendant's knowledge, it doesn't matter if the defendant thought it was heroin or thought it was a bag of sugar. If they thought or thought it was heroin, as long as they thought it was a controlled substance, that meets the second element. So the first element is we have an identity. We have cocaine or heroin or something that is identified on those schedules, which has been proven through scientific data or what the prosecutor is able to prove. That sort of collapses though, right? I mean, to say that the prosecutor has to prove the identity of the controlled substance means you just have to prove that that thing, that item, that bag of something, is a controlled substance. What controlled substance is it? We've proven that it's cocaine. But if they didn't, if they just had to say it was a controlled substance, they wouldn't have to identify the exact nature of the controlled substance. They could just say it is one. My question back to you would be just how would they prove it if they, so the court says, okay, you've got to prove that this is a controlled substance. And the prosecutor says, well, it is. It's a controlled substance. How do we know that? Because we've taken it through testing, and it's cocaine. And that's a controlled substance. Right. Yes, Your Honor, but the court then, when we look at a jury instruction that says you have to say what controlled substance it is, it still does require that identity where we, if they may have, they proved that it was mushrooms and methamphetamine. But the jury had to agree on which one they were convicting for the possession charge. So it wasn't enough just to prove that you had these two controlled substances. The jury to convict had to agree that the particular controlled substance identified that the prosecution is charging is the one that they're convicting for. So it isn't enough just to say, well, this is a controlled substance. It wouldn't matter if it was mushrooms or methamphetamine if the jury could just agree, just say, okay, he possessed a controlled substance. And I think this also goes to the Papadakis case because there would be no reason, as Judge Collitone brought up in his example, there would be no reason to have seven different convictions if the controlled substance generically was the crime. It would just be one conviction. Why is that? Do you think if Papadakis possessed seven packages of cocaine that he can be convicted of seven counts of violating the statute or not? No, I don't think so because it's one controlled substance, cocaine. And so he would have one conviction for cocaine, and the weight would come into the factor because weight is also a factor in some of the uncertain levels. Why do you think that's the rule in Minnesota? Where do you derive that? From looking at the fact that they would allow seven convictions and from their requirement of the proof of the identity of the controlled substance. So if you're in, as my colleague explained, if you're in the single behavioral incident, you can only be, you have to be convicted of all of the offenses in the one criminal case. If all of the possession was cocaine, it would just add up to a larger weight of cocaine. It wouldn't be seven different counts in that one incident of cocaine. He possesses seven different bricks of cocaine, so the prosecution would weigh it together. From what the case law shows, it wouldn't seem that you would say, okay, we've got two different counts. And even in Lubavitch, he had two separate packets of methamphetamine, but they didn't charge him with two different counts of methamphetamine, just one, and one of the Silas Levin mushrooms. So it wasn't, once you have the identity of the substance, that's one crime. That cocaine is the one crime. But in Papadakis, he had cocaine plus seven, plus six steroids. So he was convicted of seven different fifth-degree controlled substance possession offenses, and it is accurate that he can only be sentenced for one. That would be one crime if there was only one person. What if there was a group of people functioning together? Then you'd have, what, three crimes? All you'd do is identify the drug, and then you'd have three criminal convictions. Is that what you're saying? If there were three different defendants? Yeah. Say one of them was hauling it, and the other one was storing it, and so forth. I think from reading the case law, then that would have to be three separate convictions for the three different defendants. So perhaps if, in your example, one is hauling it, then perhaps one person would be convicted for distributing. Is that what happened in the Martinez case? Is that how that came down or not? I apologize. I don't recall specifically the details. I remember in the Martinez case that the statute, mostly I apologize that I'm forgetting, but remembering that the statute there had the issue of there was some double jeopardy concerns that the court looked at. State law allowed a person to be prosecuted, so it wasn't a problem. It was an element. But I'd be happy to look further and provide a detailed answer if you'd like. Also, you have some sister circuit support on this, too, with similar statutes, similar controlled substance offenses, where, as I mentioned before, states list their controlled substance in a separate section. And that doesn't lend easily to determine if those are elements or means of committing the controlled substance offense. But with the 11th Circuit case, Guillen, that I shared with the court, when it was decided they had a similar situation where the statute didn't make it clear and they looked at case law and similarly found where a defendant could be convicted for possessing two different controlled substances, two different identified controlled substances at the same time, that was strong support for the notion that that element, that identity of the controlled substance is an element of the crime. And they also saw the informative assistance of the jury instructions to support that, which we similarly have here. And it talked about other courts that similarly find in that way and looking at statutes with this sort of structure. And once the court considers those cases and looks at the body of case law that applies this requirement that the identity of the controlled substance must be proven to sustain a conviction, we believe it should find that the identity of the controlled substance is an element of the offense of fifth-degree possession here in Minnesota. What is your view of the role of the King case in this notion of the identification of the controlled substances? Your Honor, respectfully, we believe that is irrelevant. The King case was looking at whether there was an unconstitutional abrogation of power by the legislature to the Board of Pharmacy because it created the system that allows the Board of Pharmacy to identify controlled substances that would be added to the list. And as my colleagues said, they did that because the Board of Pharmacy is made up of scientists and individuals who have the knowledge and the better expertise to be able to do that. But the court found that it was not an unconstitutional abrogation of power because the legislature maintained the legislative control and the determination of whether those controlled substances were in effect in the legislature. The Administrative Procedures Act in Minnesota is followed. They require a 30-day notice and comment period. And after that period, if there are no changes, then it becomes operative as law under the legislature's grant of that through the legislature's making power. So the legislature said, we will allow it to be a controlled substance once the Board of Pharmacy, under its expertise, identifies that substance. And in that case, they were looking at a substance that had just been added to the Federal Controlled Substance Statute, and the Board of Pharmacy decided to add it to the Minnesota statute because the goal was uniformity with the Federal Controlled Substance Statute. And so they added that substance, which was on the Federal Controlled Substance Statute, to the Minnesota statutes. And in King, simply the court decided that there was no abrogation of the legislative duty. The legislature is still making the law, and those controlled substances that are placed onto the schedules are not merely a factual means of committing a controlled substance offense. They are the elements, because the legislature has deemed, once it's been on the list by the Board of Pharmacy that they believe  Would the legislature, in your view, have to do it that way, whether it was an element or a means? In other words, would that process have to take place where it goes through the administrative process, notice and comment, and then if we don't take action it becomes part of the statute? Does that help us understand whether it's an element or a means? I don't think it does, Your Honor. I think it's – I'm sorry. I just wondered if, in your view, they would have to go through that process for both elements and means. I think they would have to go through that process for both. So that's why we think King is irrelevant. It doesn't answer the question of elements or means. The question of elements or means is answered by the state law discussing controlled substance offenses and what the prosecution must prove. And as made clear, the prosecution, for an item to be an element, the prosecution must prove its existence, or a jury must unanimously agree. And we have case law showing that. In Minnesota, the prosecution must prove the identity of the controlled substance. That's the first element of the offense. And then the jury must unanimously agree that that controlled substance is what the defendant possessed. And those cases are what are more informative. King just is an operation of law. It doesn't impact this analysis. If there are no further questions, and in some we do believe that this, the visibility analysis will show that the identity of a controlled substance is an element of the fifth-degree possession of a controlled substance in Minnesota, and we ask that you deny the petition. Thank you. Thank you for your argument. Ms. Grancy, we'll hear from you in rebuttal. Thank you, Your Honor. I'd like to make two quick points. First, in regards to the structure of the Minnesota statute, it is not true that the penalties are listed in a separate space. Here in Minnesota's statutory scheme, we have degrees of possession. So the legislature has particularly defined first-degree possession and specified that it be a certain weight of cocaine or amphetamine. In contrast, the fifth-degree possession statute, with its own penalty, defines it as possession of a controlled substance. So when the legislature has chosen to specify different penalties and different substances, it has and does. The Minnesota statute contains its penalty within the same section, and this is in contrast to the Missouri statute. Secondly, I'd like to talk a little bit more about the Lubavitch decision. The issue there was unanimity regarding the particular act, and I'll read from the decision here. Jury instructions that allow for possible significant disagreements among jurors as to what acts the defendant committed violate the defendant's right to a unanimous jury. So here, again, as Your Honor pointed out, there were two separate acts of possession, one substance in a truck and one substance in a ditch. So, again, what they're talking about is this physical act. It's not the substance itself that requires unanimity. It is that act. So there are two substances involved and two distinct acts. What were the distinct acts in Papadakis? Well, again, there are still distinct acts in that each possession of substance, each thing that you hold, is a different item. Do you have any case that says if you hold a pack of cocaine in your right hand and a pack of cocaine in your left hand that you've committed two different crimes? I don't have a case that says that. And I think the reason would be that you could have convictions for two separate baggies of cocaine. A prosecutor likely would not charge because what they're looking for is to get to that requisite weight, to get a more serious conviction on the books. So they could very well decide that they want to make an account for each bindle of cocaine, be a separate count and conviction, but that wouldn't really serve their purpose in terms of punishing this particular behavior, this larger weight of a substance, which is what the legislature is looking for. Charging Papadakis with seven counts didn't affect his sentence, but the prosecutor charged him with each separate offense based on the separate drugs. So I'm not sure that supports your idea that a prosecutor would never charge separate counts of cocaine if the reason is it wouldn't affect the punishment. So you could have separate counts of fifth-degree possession, which is going to carry a lower sentence or a lower time. But if you can aggregate that weight to reach one of the higher degrees, so to get to a second degree or a first degree, that's what the prosecutor is going to choose to do. And Papadakis, they couldn't change or get to a higher charge on those different substances because they're not meeting those weight requirements. I understand that, but they still charged him with seven different counts. And I'm just wondering whether that shows that each drug was a separate crime because we don't see cases apparently where there's seven counts of cocaine in an analogous situation. And again, I think that it's just because the prosecution is interested in aggregating and making the crime more serious. So with a second-degree possession, which you would have with that higher level, then you'd get a... But that would be the thing. If you had the two small bindles, it's not going to add up to anything more than fifth degree. The question is whether that's two separate crimes or one crime. And again, we don't have any cases that specify that. But so much of this is what's practically happening in courtrooms and how prosecutors are choosing to prove their cases, what evidence they have and what evidence they think is effective. But I don't think that these cases are speaking to the element versus means distinction in the way that this court must and is mandated to do under the categorical approach. And I see that... Okay. Well, thank you for your argument. Thank you.